UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION
IN RE:

|  |  |
|---|---|
| **Elroy Clark, Jr.** | **NOTICE OF MOTION** <br> **TO APPROVE SALE** <br> BK Case No.: 23-20079-PRW |
| Debtor. | Chapter 13 |

      PLEASE TAKE NOTICE that the Trustee, George M. Reiber, will move this Court on **November 16, 2023 at 10:00 o'clock** in the forenoon of that day, or as soon thereafter as counsel may be heard, in the United States Bankruptcy Court for the Western District of New York, United States Courthouse, 100 State Street, Rochester, New York 14614, for an Order pursuant to 11 U.S.C. §§ 363(b) and Federal Rule of Bankruptcy Procedure 6004, permitting the Trustee to sell all of the estate's right, title and interest in 338-350 Thurston Rd., Rochester, New York, together with such other and further relief as the Court deems proper. The sale is to close prior to confirmation of the Chapter 13 plan. The full sale price is $850,000.

PLEASE TAKE FURTHER NOTICE THAT NO BIDDING AGAINST THE SUBJECT CONTRACT WILL BE PERMITTED AT SAID HEARING. ANY COUNTEROFFER MUST BE SUBMITTED TO THE TRUSTEE IN WRITING PRIOR TO THE HEARING. IF NECESSARY, AN AUCTION WILL BE CONDUCTED AT A LATER DATE.

**UNDER THE ADMINISTRATIVE ORDER DATED DECEMBER 21, 2020, REVISING THE NEGATIVE NOTICE PROCEDURES FOR MOTIONS BEFORE JUDGE WARREN: IF A PARTY REPRESENTED BY COUNSEL INTENDS TO OPPOSE THIS MOTION, WRITTEN OPPOSITION TO THE MOTION MUST BE SERVED AND FILED ELECTRONICALLY IN CM/ECF *NOT LESS THAN 72 HOURS PRIOR TO THE SCHEDULED DATE AND TIME* OF THE HEARING ON THE MOTION (NOTWITHSTANDING RULE 9006(a) FRBP). IN CASES UNDER CHAPTERS 7, 12 AND 13, YOU MUST SERVE THE OPPOSING PAPERS ON: THE MOVANT AND MOVANT'S COUNSEL, THE DEBTOR AND DEBTOR'S COUNSEL (IF NOT THE MOVANT) AND THE TRUSTEE. IN CASES UNDER CHAPTER 11, THE OPPOSING PAPERS MUST ALSO BE SERVED ON THE CREDITORS' COMMITTEE AND ITS ATTORNEY, OR IF THERE IS NO COMMITTEE, THE 20 LARGEST UNSECURED CREDITORS, AND THE UNITED STATES TRUSTEE. IN THE EVENT THAT WRITTEN OPPOSITION IS NOT TIMELY SERVED AND FILED, NO HEARING WILL BE HELD ON THE MOTION; THE COURT WILL CONSIDER THE MOTION TO BE UNOPPOSED.**

|  |  |
|---|---|
| Dated: October 17, 2023 <br>        Rochester, New York | /s/ George M. Reiber <br> George M. Reiber, <br> Chapter 13 Trustee <br> 3136 South Winton Road <br> Rochester, New York 14623 <br> (585) 427-7225 <br> trustee13@roch13.com <br> (for convenience only) |

To: Kathleen D. Schmitt, Esq.
David H. Ealy, Esq.
Mark K. Broyles, Esq.
Jenelle C. Arnold, Esq.
Cara M. Goldstein, Esq.
John Marchioni, Esq.
Kamran Hashmi, Esq.
Youns Property LLC
Elroy Clark, Jr.
Della Mosca, Hunt Real Estate
All creditors

**PLEASE TAKE NOTICE: THE TRUSTEE WILL NOT ACCEPT WIRE TRANSFERS. IF WIRE TRANFER INSTRUCTIONS ARE RECEIVED, YOU MUST CONFIRM THE CHANGE IN TRANSFERS WITH THE TRUSTEE PERSONALLY.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION
IN RE:

          **MOTION TO APPROVE SALE BEFORE CONFIRMATION**
**Elroy Clark, Jr.,**      BK Case No.: 23-20079-PRW
          Chapter 13
          Debtor.

    George M, Reiber, Trustee, states as follows:

    1.    On February 21, 2023 the Debtor filed a voluntary petition commencing a Chapter 13 case under the Bankruptcy Code. (ECF No. 1). A proposed plan was filed on March 17, 2023. (ECF No. 26).

    2.    One of the assets listed in the Debtor's filed Schedule A is an interest in real property that the Debtor owns located at 338-350 Thurston Rd., City of Rochester, New York. The full scheduled value of this asset is $900,000. (ECF No. 24, p. 4).

    3.    Upon information and belief the Debtor has decided to sell the property to Youns Property LLC (hereinafter "Buyer") for $850,000. Upon information and belief the contract is an arms-length transaction negotiated between the parties in good faith with the assistance of realtors. Said contract requires closing to occur on or before December 20, 2023. A copy of said contract is available from the Trustee upon request.

    4.    Upon information and belief the plan will be amended to provide that Mr. Clark's net proceeds from the sale will be turned over to the Trustee to the extent necessary to immediately pay all creditors upon confirmation of the amended plan.

    5.    Upon information and belief said property is not subject to any liens or exemptions except as indicated below.

    6.    The proposed disposal of the proceeds is:

| | | |
|---|---|---|
| Purchase Price | | $850,000 |
|    Est. Expenses of Seller | $59,500 | |
| Balance | | $790,500 |
|    Liens: City of Rochester | $2,050 | |
|           Community Loan Mortgage | $246,236 | |

1

No exemption claimed

Johnson et al judgment   $721
Midland Mgt. judgment   $648

NET PROCEEDS                                             $540,845

Proposed disposition if plan confirmed: The Trustee will recommend that the proceeds be used first towards payment of priority and unsecured claims upon confirmation of a plan. Based upon the claims register, allowed general unsecured claims total $2,041. However, the Trustee notes that Mr. Clark had a prior Chapter 13 Case No. 17-20309. Although the allowed unsecured claims were paid in full in that case, Mr. Clark did not obtain a bankruptcy discharge. The Trustee believes a minimal amount may be owed to such creditors for accumulated interest and fees, or to creditors who did not file claims.

Remaining attorney fees                                   $2,500

The balance toward the
allowed claims in the amount of                           $2,041
per the claims register

7. The liquidation test requires payment in full of the unsecured creditors plus a present value factor of 4.19%.

8. Since the sale is taking place before confirmation, the requirements of *In Re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983) must be satisfied. These include:

   a. Good business reason. The property being sold is rental property. The net proceeds will pay off all claims provided for in the plan immediately upon confirmation. Further, Mr. Clark was unable to make his plan payments in the prior case in part because tenants would not pay him during the pandemic. Relieving his cash flow of the obligations for the subject property, plus the influx of cash to him after payment of the plan, will allow him to better rehabilitate his finances.

   b. The proportionate value of the asset to the estate as a whole is 72% based upon the values in the schedules and the adjusted value of the subject property.

   c. Likelihood of confirmation. In a normal economic environment, the Trustee would be concerned with confirming a Chapter 13 plan after the last two plans failed. However, circumstances existed which were beyond Mr. Clark's control, and the net equity from this sale will enable him to immediately complete an amended plan.

   d. Effect of proposed sale. There will be an immediate lump sum payment which should allow immediate payment of all remaining claims provided for by the plan if Mr. Clark amends his plan to provide for this change.

e. Comparison of contract and value. The proposed sale is for 94% of the Schedule A valuation.

f. Nature of transfer. Sale, which the Trustee believes is in the best interests of the creditors. Mr. Clark will be taking back a purchase money mortgage for $250,000, leaving $600,000 cash to be available at closing.

g. Change in value in the future. Unknown in the current real estate market. It is the Trustee's business judgment that retention based upon a perceived increase in value over time will not benefit the creditors.

9. In addition to the *Lionel* factors, this Court has suggested additional considerations. *In re Flour City Bagels, LLC*, 557 B.R. 53 (Bankr. W.D.N.Y. 2016). These include:

a. Have parties in interest received adequate notice. All creditors, the proposed Buyer, the attorney for the Buyer, and entities who have filed Notices of Appearance with the Court have been notified by service of the notice of motion and this motion.

b. Upon information and belief there is no relationship between Buyer and Seller other than as parties to the instant contract.

c. Upon information and belief the sale price is fair and reasonable. The sale will improve Mr. Clark's financial future and an amended plan will be completed upon confirmation.

d. Upon information and belief the proposed Buyer is proceeding in good faith. The portion of the purchase price which Seller is being asked to finance will not affect the creditors, and closing is scheduled to take place promptly.

**WHEREFORE,** your Trustee requests an order of this Court approving the sale of the above titled property pursuant to § 363(b) of the Bankruptcy Code and authorizing the Trustee to execute any and all documents necessary to effectuate said sale, together with such other and further relief as the Court deems proper.

Dated: October 17, 2023  
Rochester, NY

/s/George M. Reiber  
George M. Reiber,  
Chapter 13 Trustee  
3136 Winton Rd. S.  
Rochester, NY 14623  
trustee13@roch13.com  
(for convenience only)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION
IN RE:

**Elroy Clark, Jr.,**

Debtor.

**ORDER**
BK Case No.: 23-20079-PRW
Chapter 13

    An application having been made by the Trustee for the sale of the property more commonly known as 439 Magnolia Street, Rochester, State of New York;

    And a notice of the proposed sale having been served, as provided by 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004 and no objection having been made to said sale and the same having been sold to Youns Property LLC for the sum of $850,000, and now coming on for confirmation as provided in such notices:

    **NOW ON MOTION** of George M. Reiber, the Trustee herein, it is hereby

    **ORDERED** that the said sale be, and the same hereby is confirmed; and it is further

    **ORDERED** that Mr. Clark will turn over all of his net proceeds received from the closing of the sale of said property to the Trustee; and it is further

    **ORDERED** that all lienors will be paid in full subject to a proper payoff quote; and it is further

    **ORDERED** that in the event of a dispute over the amount required to pay off a lienor's lien the Trustee is required to tender the undisputed portion of the payoff to the lienor and keep the remaining proceeds in a segregated account that includes a cushion of $3,000.00 to pay for the lienor's attorneys' fees and costs in the event the lienor successfully prevails in an action to recover the disputed proceeds. The proceeds shall remain in this account pending resolution of the disputed portion of the payoff. If the lienor successfully defends against any dispute regarding the payoff it shall be entitled to request reasonable attorneys' fees and costs incurred with respect to such action; and it is further

    **ORDERED** that the Trustee herein, on receipt of the consideration in cash, complete the same by executing the proper instruments transferring to such purchaser all the bankruptcy estate's right, title and interest in said property and delivering the same to the purchaser.

Dated: _____
    Rochester, New York

_____
HONORABLE PAUL R. WARREN
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION
IN RE:

    **Elroy Clark, Jr.,**

           Debtor.

CERTIFICATE OF SERVICE
BK Case No.: 23-20079-PRW
Chapter 13

I certify that on October 19, 2023, I served a copy of the Motion to Approve Sale pursuant to 11 U.S.C. Section 1307, the Notice, along with Proposed Order, by First Class United States Mail, with adequate postage to ensure delivery to the following:

Elroy Clark, Jr.
43 West High Terrace
Rochester, NY 14619

David H. Ealy, Esq.
2 State Street, Suite 1000
Rochester, NY 14614

Mark K. Broyles, Esq.
Fein, Such & Crane, LLP
Attys for U.S. Bank National Association
28 East Main Street, Suite 1800
Rochester, NY 14614

Cara M. Goldstein, Esq.
Terenzi & Confusione, P.C.
Attys for American Tax Funding, LLC
401 Franklin Avenue, Suite 304
Garden City, NY 11530

Kamran F. Hashmi, Esq.
Hashmi Law Firm
2280 East Avenue, Second Floor
Rochester, NY 14610

All other creditors per the
    Court's Creditor Matrix.

John D. Marchioni, Esq.
Marchioni & Associates
2024 W. Henrietta Road, Suite 3G
Rochester, NY 14623

Abdul G. Ali
Youns Property LLC
363 W. 57th Street, 3A
New York, NY 10019

Della Mosca
Hunt Real Estate
3300 Monroe Avenue, Suite 209
Rochester, NY 14618

Jenelle C. Arnold, Esq.
Aldridge Pite, LLP
Attys for Community Loan Servicing, LLC
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108

Kathleen D. Schmitt, Esq.
United States Trustee
100 State Street, Room 4230
Rochester, NY 14614

                      /s/
                      Heather A. Himes